O

FILED
CLERK, U.S. DISTRICT COURT

JUL 1 0 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                               DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| KIM PACE-WHITE,<br><br>  Petitioner,<br><br>v.<br><br>LATTIMORE, Warden,<br><br>  Respondent. | Case No.  EDCV 09-01143 SJO (AN)<br>           EDCV 09-01145 SJO (AN)<br><br>ORDER SUMMARILY DISMISSING SUCCESSIVE PETITIONS FOR WRIT OF HABEAS CORPUS FOR FAILURE TO OBTAIN PRIOR AUTHORIZATION FROM THE NINTH CIRCUIT |

**I. Background**

On June 16 and 17, 2009, respectively, petitioner Kim Pace-White, a state prisoner, filed her pending *pro se* petitions for writ of habeas corpus ("Petitions") pursuant to 28 U.S.C. § 2254 ("§ 2254")[1]. By her Petitions, Pace-White seeks federal habeas relief from her current state custody arising from her 2000 state conviction and related prison sentence for second degree murder, in violation of Cal. Penal Code § 187(a), and for personally and intentionally discharging a firearm (handgun), which proximately caused great bodily injury and death to the victim, Nathan White, in violation of Cal. Penal Code § 12022.53(d), that she sustained in the California Superior Court for San Bernardino

---

[1]   The Court notes that, on May 29, 2009, Pace-White submitted the petition in case no. EDCV 09-01143 SJO (AN) to the United States Court of Appeals for the Ninth Circuit and then it was forwarded to this Court and filed on June 16, 2009.

County in case no. FMB023539 ("2000 Conviction"). (Pet. 2; Official records of California courts.[2/])

However, this Court's records[3/] establish that the Court lacks jurisdiction to consider the Petitions because they are unauthorized successive petitions.

Specifically, on March 21, 2003, Petitioner filed her first § 2254 petition with this Court challenging her state custody arising from her 2000 Conviction ("March 2003 Petition"). (EDCV 03-00324 SJO (AN).) The Court found the March 2003 Petition was unexhausted, therefore, the March 2003 Petition was dismissed without prejudice. (*Id.*, Judgment (dkt. #4).)

On June 6, 2003, Petitioner filed her second petition raising five claims directed at her 2000 conviction and sentence ("June 2003 Petition") (EDCV 03-00646 SJO (AN).) On October 20, 2004, the Court entered its judgment dismissing the June 2003 Petition with prejudice on the merits for the reasons set forth in the Magistrate Judge's Report and Recommendation (dkt. #55) and Judgment (dkt. #62). Petitioner appealed, and, on February 22, 2005, the Ninth Circuit issued its order denying Petitioner's request for a certificate of appealablity. (*Id.* Order (dkt. #71).)

The pending Petitions and attached exhibits establish Petitioner continues to seek federal habeas relief from her state custody arising from her 2000 Conviction. Both pending Petitions raise the same five claims that are different from the five claims that she raised in her June 2003 Petition that was denied on the merits with prejudice. (Pet. 5-6.) But neither the Petitions nor attached exhibits establish that the United States Court of Appeals for the Ninth Circuit has authorized Petitioner to bring a second or successive petition raising any new claims in this Court.

---

[2/] The Court takes judicial notice of the state appellate court records for Petitioner's case available on the internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[3/] The Court takes judicial notice of its own records and files. Fed. R. Evid. 201(b)(2); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

2

## II. Discussion

The United States Supreme Court recently explained:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); *Gonzalez v. Crosby,* 545 U.S. 524, 529-530, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005); *see also Felker v. Turpin,* 518 U.S. 651, 656-657, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).

*Burton v. Stewart,* 549 U.S. 147, 152-53, 127 S. Ct. 793 (2007).

Based upon the foregoing, the Court finds Pace-White's pending Petitions are clearly "second or successive" habeas petitions relative to her June 2003 Petition that was dismissed with prejudice on the merits. Moreover, the Petitions, attached exhibits, and records of the Ninth Circuit establish that Pace-White has not sought and been granted authorization by the Ninth Circuit to file a § 2254 petition raising any new or previously raised claims.

///
///
///

1  Based upon the foregoing, the Court finds the Petitions are unauthorized
2  successive petitions, and that this Court lacks jurisdiction to consider them. Therefore,
3  the reference to the Magistrate Judge is vacated and the Petitions are dismissed for lack
4  of jurisdiction. *See Burton, id.* The Clerk is directed to enter judgment dismissing the
5  Petitions. Any and all other pending motions are terminated.

IT IS SO ORDERED.

Dated: ___7/9___, 2009

S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

Presented by:

Arthur Nakazato
United States Magistrate Judge